**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-10432
(Summary Calendar)
_____


MICHAEL JAY WOODS,

                                        Plaintiff-Appellant,


                    versus


JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,
ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:95-CV-1-C)
_____

(September 21, 1995)


Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]


     Plaintiff-Appellant Michael Jay Woods, in appealing the

dismissal as frivolous of his civil rights suits against a plethora

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

of state officials, complains of the district court's adverse rulings on his motion to vacate the order dismissing his complaint as frivolous under 28 U.S.C. § 1915(d), and his motion for leave to amend his complaint. In this court Woods has filed a motion to supplement the record. We separately grant the motion to supplement the record and consider it in connection with this appeal. After doing so, however, we find no abuse of discretion, and thus no reversible error, in the rulings complained of, so we affirm the judgment and related rulings of the district court.

I

Following the filing of Woods' civil right complaint pursuant to 42 U.S.C. § 1983, and without conducting a <u>Spears'</u>[1] hearing or providing a questionnaire to Woods for the further development of his allegations, the district court dismissed Woods' complaint as frivolous. As the court's order does not specify that dismissal was with prejudice, it is presumed to be without prejudice.[2]

On the same day that the district court dismissed Woods' action, it received his amended complaint naming additional defendants and adding new claims that challenged aspects of his confinement in two county jails. Shortly thereafter, the district court ordered Woods' amended complaint stricken, which action was followed by Woods' filing of a second motion to vacate. Both such motions were denied by the district court and this appeal followed.

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179, 182 (5th Cir. 1985).

[2] <u>Graves v. Hampton</u>, 1 F.3d 315, 318-19 (5th Cir. 1993).

2

Among seven "counts" that Woods attempted to raise in his amended complaint, only the second and seventh are relevant to claims raised in Woods' original complaint that implicated aspects of his confinement in the John Middleton Transfer Facility; the rest relate to confinement in two county jailsSQmatters not raised in the original complaint and thus not to be considered in this appeal. As Woods' original complaint was dismissed without prejudice, however, he may raise new claims in a new § 1983 action.

Liberally construed, Woods purports to advance a liberty interest claim under the Fifth and Fourteenth Amendments of the Constitution. The Supreme Court recently adopted a new method for determining whether a state has created a protected liberty interest to benefit prison inmates.[3]

> States may in certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.[4]

The Supreme Court has determined that, rather than focusing on the presence or absence of mandatory statutory or regulatory language,[5] the reviewing court should consider the nature of the

---

[3] Sandin v. Conner, 115 S. Ct. 2293, 2297-2300 (1995).

[4] Id. at 2300.

[5] See, e.g., Hewitt v. Helms, 459 U.S. 460 (1983).

challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest.

Viewed in light of the teachings of Sandin, the fact that Woods was confined in a transfer facility and not entitled to the privileges available at other TDCJ-ID facilities did not impose "atypical and significant hardship[s]" when compared to "the ordinary incidents of prison life."[6] Clearly, then, Woods' liberty interest claims lack an arguable basis in fact or in law.

The other claim asserted by Woods that is cognizable on this appeal implicates equal protection: He asserts that prisoners housed in TDCJ-ID facilities have more privileges than do prisoners, like Woods, who are housed in the John Middleton Transfer Facility.[7] To establish an equal protection violation, Woods must, among other things, demonstrate that similarly situated individuals were treated differently.[8]

In this case, the appropriate set of inmates to be examined as "similarly situated" are those state prisoners housed in transfer

---

[6] Sandin v. Conner, 115 S.Ct. at 2300.

[7] Woods complained in the district court that, as he was subjected to the intermediate step of being housed at a transfer facility, he was treated differently than other state prisoners who were transferred directly from county jails to TDCJ-ID facilities. As he does not raise this argument on appeal, it is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

[8] Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).

4

facilities,[9] not all state prisoners regardless of where or how they are housed. As nothing indicates that state prisoners at transfer facilities are, for purposes of an equal protection analysis, similarly situated to those located at other types of TDCJ facilities, Woods has not and cannot establish an equal protection violation.

## III

As for all of the particularized claims and allegations advanced by Woods that are cognizable on this appeal, we have carefully examined them in light of (1) the record as supplemented, (2) Woods' briefs and all arguments made therein, and (3) applicable legal theories advanced. In each instance, we reach the firm conclusion that no reversible error was made by the district court, and that no purpose would be served by remanding this case for further proceedings.[10] The district court did not abuse its discretion by dismissing Woods' complaint without further factual development and without addressing his amended complaint. As to all matters properly before this court on this appeal, Woods' supplemental allegations do not cure the deficiencies in his original complaint to the extent required to present arguable bases in either fact or law.

---

[9] See Muhammad, 966 F.2d at 903 (a prisoner in one prison unit was not "similarly situated" to a prisoner housed in another unit).

[10] See Whitaker v. City of Houston, Tex., 963 F.2d 831, 835 (5th Cir. 1992).

5

For the foregoing reasons, the judgment and related rulings of the district court are, in all respects,

AFFIRMED.